**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0518n.06
Filed: June 17, 2005

**No. 04-1685**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff-Appellee,** | **ON APPEAL** FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| v. | |
| QUINCY ARMAND WRIGHT, | **O P I N I O N** |
| **Defendant-Appellant.** | |

**BEFORE:** **NORRIS** and **DAUGHTREY, Circuit Judges; JORDAN, District Judge.**[*]

**PER CURIAM.** Defendant Quincy Armand Wright appeals from the sentence that he received after entering a guilty plea to a single count of drug trafficking, 21 U.S.C. § 841(a)(1). Specifically, he contends that the district court erred when it enhanced his Guidelines offense level based upon factual determinations that were neither admitted by defendant nor found by a jury beyond a reasonable doubt. In light of *United States v. Booker*, 125 S.Ct. 738 (2005), and the cases of this circuit applying it, *see, e.g., United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005); *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005), we vacate the judgment and remand the matter to the district court for re-sentencing.

I.

---

[*]The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

On September 4, 2002, a grand jury returned a one-count indictment charging defendant with trafficking in more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Trial was scheduled for Monday, November 18, 2002. Defendant failed to appear. According to his attorney, he had fallen off a ladder while at work the preceding weekend and had been prescribed pain medication. The district court rescheduled the trial for Wednesday. When defendant failed to appear for a second time, the district court issued a bench warrant for his arrest. He was taken into custody on unrelated drug charges in Illinois on June 6, 2003, and returned to the Western District of Michigan in December.

Represented by new counsel, defendant entered a guilty plea on February 6, 2004 without the benefit of a written plea agreement. In the course of the change of plea hearing, the following exchange occurred:

THE COURT: How much [crack cocaine] did you have with you?

DEFENDANT: Over 50 grams.

THE COURT: Have you ever seen any report or has anyone ever told you exactly how much you had?

DEFENDANT: Yes, Sir.

THE COURT: How much did they tell you you had or did you believe you had?

DEFENDANT: 151 grams.

THE COURT: That's what you believe you had?

DEFENDANT: I'm not sure. That's what I was told.

After this colloquy, the AUSA interjected that "for the record . . . the crack that Mr. Wright had on August 28, 2002, has been analyzed by the laboratory and determined to be 151.5 grams of cocaine base, also known as crack."

The final pre-sentence investigation report ("PSR") noted that the laboratory test results determined the weight of the crack cocaine to be 151.16 grams, which resulted in a base offense level of 34. U.S.S.G. § 2D1.1(c)(3) (Nov. 2003) (level 34 if at least 150 grams but less than 500 grams of cocaine base). Had the amount of cocaine base charged in the indictment been attributed to defendant, his base offense level would have been only 32. U.S.S.G. § 2D1.1(c)(4) (for at least 50 but less than 150 grams of cocaine base). Defendant objected to this calculation, arguing that the weight calculated by police laboratory may have included a "knotted sandwich type bag" that contained the crack, thereby potentially pushing the weight above the critical 150 gram level.

The PSR also recommended that the base offense level be increased for possession of a firearm, U.S.S.G. § 2D1.1(b)(1), and for obstruction of justice, U.S.S.G. § 3C1.1, resulting in an adjusted base offense level of 38. However, the PSR went on to suggest that defendant receive the benefit of a two-level decrease for acceptance of responsibility, U.S.S.G. § 3E1.1(a), because he had entered a guilty plea without the benefit of a written agreement and had been "candid and forthright" during the pre-sentence investigation. Thus, the total recommended offense level was 36. When coupled with a criminal history category of IV, defendant's sentencing range was between 262 and 327 months of imprisonment.

After the government lodged an objection to the two-level decrease for acceptance of responsibility, the probation officer issued a supplemental addendum to the PSR that reversed

course on this issue because "the defendant's arrest for Unlawful Possession of a Controlled Substance and Unlawful Possession of Marijuana [in Illinois] demonstrates he has not shown a voluntary termination or withdrawal from criminal conduct or associations." Thus, the adjusted base offense level was revised to 38, resulting in a sentencing range of between 324 and 405 months of imprisonment.

On May 20, 2004, the district court conducted a sentencing hearing. At this time, defense counsel continued to argue for a two-level decrease for acceptance of responsibility but conceded that the drug quantity at issue involved more than 150 grams. The district court rejected his contention in these terms:

> Here, while being on an absconding status, two really unusual things occurred. One is the defendant was arrested in a drug house or in a place where drugs were being used, possessed, sold or whatever, and therefore, presumably in a continuation of criminal behavior. Secondly, he gave an incorrect name, again continuing of [sic] behavior that would be in violation of certainly the conditions of bond and certainly potentially violation of law. So therefore, this Court believes that an acceptance of responsibility should not be given in this matter.

The district court concluded by sentencing defendant to 324 months of imprisonment and five years of supervised release.

## II.

After judgment had been entered, the Supreme Court decided *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker,* 125 S.Ct. 738 (2005). In his brief to this court, defendant contends that re-sentencing is required because the district court calculated his offense level based upon a number of facts neither admitted by him nor found beyond a reasonable doubt

in violation of the Sixth Amendment.[1]  These facts include the drug quantity determination, obstruction of justice, and possession of a firearm during the offense.

As we recently explained, *Booker* applies to all criminal cases on direct review.  *Barnett*, 398 F.3d at 524 (citing *Booker*, 125 S.Ct. at 769).  However, because defendant did not raise a Sixth Amendment challenge in the district court, we review for plain error.  *Oliver*, 397 F.3d at 377-78; Fed. R. Crim. P. 52(b).  This court has already applied plain error analysis to dozens of *Booker* claims.  In the vast majority of these cases, we have elected to remand to the district court for re-sentencing.  *See, e.g., United States v. Hudson*, 405 F.3d 425, 444 (6th Cir. 2005); *Barnett, supra*; *Oliver, supra*; *United States v. McDaniel*, 398 F.3d 540, 547-50 (6th Cir. 2005).  Moreover, we have recently concluded that plain error occurs where, as here, the district court sentenced defendant under what it perceived to be a mandatory, rather than advisory, Guidelines scheme unless "the trial record contains clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines scheme." *Barnett*, 398 F.3d at 529.

That said, *Booker* and its progeny do not require that this court remand for re-sentencing whenever a defendant challenges a sentencing decision.  It goes without saying that "[t]he Sixth Amendment does not apply to agreed-upon facts; it regulates the decisionmaker of disputed facts." *United States v. Bradley*, 400 F.3d 459, 462 (6th Cir. 2005).  In the instant case, defendant contends that the district court's finding that he possessed more than 150 grams of cocaine base

---

[1]Although defendant's brief relies upon *Blakely,* he since has submitted a letter to this court pursuant to Fed. R. App. P. 28(j) calling *Booker* and *Oliver, supra,* to our attention.

for sentencing purposes should have been determined beyond a reasonable doubt. However, defense counsel conceded at the sentencing hearing that his client possessed 151.16 grams of cocaine base, rendering it an "agreed-upon fact" outside the purview of *Booker*.

Defendant did preserve his challenge to the district court's decision not to grant him a two-level downward adjustment for acceptance of responsibility. However, *Booker* applies to those facts that potentially *increase* a sentence beyond those established by a plea of guilty or a jury verdict. *See Booker*, 125 S.Ct. at 756; *Blakely*, 124 S.Ct. at 2536. A downward adjustment does not fall into that category. While it remains subject to appellate review when, as here, it has been properly preserved, our analysis remains unaffected by *Booker* except to the extent that the Guidelines are now advisory rather than mandatory.

We accord due deference to the district court's denial of acceptance of responsibility, keeping in mind that its "factual determination of whether a defendant has accepted responsibility for his crime enjoys the protection of the clearly erroneous standard." *United States v. Robinson*, 152 F.3d 507, 512 (6th Cir. 1998) (citing *United States v. Downs*, 955 F.2d 397, 400 (6th Cir. 1992)). In the instant case, defendant failed to appear for trial and was charged with drug trafficking while on the lam. Defendant contends that this behavior does not preclude a finding that he accepted responsibility for his crime of conviction. We agree. However, it is equally true that the district court could take that behavior into consideration and conclude that, under the particular facts of this case, a two-level downward adjustment was not warranted. At the very least, the district court did not commit clear error in reaching its decision.

Finally, we turn to two sentencing enhancements that do implicate *Booker*: possession of a firearm and obstruction of justice. Each of these enhancements, which were found by the district court by a preponderance of the evidence, resulted in a two-level increase to defendant's base offense level. Had they not been imposed, his sentencing range would have been based upon an adjusted offense level of 34 instead of 38. Rather than a sentencing range of between 324 and 405 months of imprisonment, defendant would have faced a Guidelines range of between 210 and 262 months. Because the Guidelines were mandatory at the time that the district court sentenced defendant and the maximum sentence established beyond a reasonable doubt – in this case by admitted facts – supports a maximum sentence of only 262 months, the sentence imposed violated the Sixth Amendment. *Oliver*, 397 F.3d at 378. Accordingly, we must remand for the district court to revisit these enhancements in light of *Booker* and our cases construing it.

III.

The judgment of the district court is **vacated** and the cause **remanded** for re-sentencing consistent with this opinion.